**James T. OWENS, Plaintiff–Appellant,**

v.

**Steve LONGO, Executive Director of Albany Housing Authority, and Albany Housing Authority, Defendants–Appellees.***

No. 08–0532–cv.

United States Court of Appeals, Second Circuit.

June 19, 2009.

James T. Owens, pro se.

John W. Liguori, Rehfuss, Liguori & Associates, P.C., Latham, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges, and SIDNEY H. STEIN, District Judge.**

* The Clerk of Court is instructed to amend the official caption in this case to conform to the listing of parties above.

** The Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

Plaintiff-appellant James T. Owens appeals from a judgment of the District Court, following the Court's decision to grant a motion for summary judgment brought by defendants Albany Housing Authority (plaintiff's former employer) and Steve Longo (plaintiff's former supervisor at the Albany Housing Authority). Plaintiff, who appeared *pro se*, had alleged that defendants unlawfully discriminated against him, and the District Court interpreted plaintiff's claim through the lens of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*[1] On appeal, plaintiff asks this Court to reverse the District Court's judgment and remand the case for trial. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review a district court's grant of summary judgment *de novo*, construing all facts in favor of the non-moving party.

*See, e.g., Paneccasio v. Unisource Worldwide, Inc.,* 532 F.3d 101, 107 (2d Cir.2008). Summary judgment is only warranted upon a showing "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

In this appeal, we have reviewed all of plaintiff's claims and affirm for substantially the reasons stated in the District Court's comprehensive Decision and Order of January 7, 2008, which is attached to plaintiff's brief on appeal. *See Owens v. Longo,* No. 06–CV–0281, 2008 WL 84594, 2008 U.S. Dist. LEXIS 985 (N.D.N.Y Jan. 7, 2008).

We have considered plaintiff's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

1. The District Court noted that plaintiff, who is a male, had asserted a cause of action under the Pregnancy Discrimination Act of 1978, 42 U.S.C.S. § 2000e(k). Because plaintiff appeared *pro se*, the Court construed his pleadings liberally to state a claim under the ADA. Although plaintiff states that he "do[es] not want the [ADA]" to be applied to his case, Appellant's Br. 1, he offers no alternative cause of action. Accordingly, we review the plaintiff's claims under the ADA and commend the District Court on its efforts to accommodate plaintiff's concerns in a cognizable format. *See McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir.2004) ("[W]hen [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally." (citing *Weinstein v. Albright,* 261 F.3d 127, 132 (2d Cir.2001))).